UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

VANJE WRAY, §
 §
    Plaintiff, § Civil Action No.
 §
    v. §
 § **Jury Trial Demanded**
CAPITAL ONE BANK, U.S.A., §
N.A., §
 §
    Defendant. §

## COMPLAINT

VANJE WRAY ("Plaintiff"), by and through her attorneys, Law Offices of Mitchel Luxenburg, alleges the following against CAPITAL ONE BANK, U.S.A., N.A. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of North Carolina and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

1

PLAINTIFF'S COMPLAINT

## PARTIES

5. Plaintiff is a natural person residing in Gastonia, North Carolina 28052.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation that has its mailing address located at 1680 Capital One Drive, McLean, Virginia 22101.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all times relevant hereto, Plaintiff maintained a cellular telephone number, the last four digits of which were 6405.

11. Plaintiff has only used this phone as a cellular telephone.

12. Defendant called Plaintiff on a repeated basis on her cellular telephone.

13. Defendant called Plaintiff using an automatic telephone dialing system and automatic and/or pre-recorded messages.

14. Plaintiff knew that Defendant was calling her using an automated

telephone dialing system as she would routinely encounter a noticeable delay or pause prior to speaking to one of Defendant's callers.

15. Defendant's telephone calls were not made for "emergency purposes."

16. Desiring to stop Defendant's incessant calling, Plaintiff spoke to Defendant shortly after calls commenced, and insisted that Defendant stop calling.

17. Defendant heard and acknowledged this request to stop calling.

18. Once Defendant was informed that its calls were unwanted and to stop calling, all further calls could only have been made solely for the purposes of harassment.

19. Defendant proceeded to ignore Plaintiff's revocation as well as repeated instructions to stop calling her cellular telephone and continued to call her.

20. Plaintiff found Defendant's repeated calls to be harassing, invasive, frustrating, annoying, and upsetting.

21. The foregoing conduct was in violation of the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

3

PLAINTIFF'S COMPLAINT

23. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system and automatic and/or pre-recorded messages.

24. Defendant's calls to Plaintiff were not made for "emergency purposes."

25. Defendant's calls to Plaintiff after Plaintiff revoked consent to call were made without "prior express consent."

26. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

27. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, VANJE WRAY, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

c. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

e. Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, VANJE WRAY, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 04-14-2020

By: */s/ Mitch Luxenburg*
Mitch Luxenburg, Esq.
Law Offices of Mitchel Luxenburg
P.O. Box 22282
Beachwood, OH 44122
Phone: (216) 452-9301
Email: mitch@mluxlaw.com